[Decided January 16, 1888.]

## W. & J. LOCKETT v. S. BAXTER & CO.

SALE OF PERSONAL PROPERTY—CONSIGNMENT—FACTORS—CUSTOM AND USAGE.
—In an action by commission merchants in England, having acted as
factors for defendants in the sale of hops, etc., and purchasing goods
for, and advancing moneys to them, and claiming a balance on account
due them, to recover which suit was brought, and it appearing that
such balance due plaintiffs was largely in excess of the value of consign-
ments of goods made by defendants to plaintiffs: *Held*, that under these
circumstances plaintiffs acquired a special property in such consign-
ments, and held the same for their own indemnity as well as for the
benefit of the defendants, and that plaintiffs had the right to sell the
property at such time as in the exercise of a sound discretion, and in
accordance with the usages of trade, they deemed best to secure indem-
nity to themselves and to promote the interests of their consignors.

ERROR to the District Court holding terms at Seattle.
Third District.

All the necessary facts are stated in the opinion of the
court.

*Messrs. Struve, Haines & McMicken*, for the Plaintiff in
Error.

A commission merchant acting as factor for defendant
in the sale of merchandise, and in the purchase of goods,
and advancing money on consignments, and having a
balance due him from the defendant largely in excess of the
value of the consignments made to him, acquires a special
property in the merchandise consigned to him, and has the
right to hold the same for his indemnity as well as for the
benefit of the defendant, and has the right to sell the same
according to his own judgment, in the exercise of a sound
discretion as to time and place of sale, having due
regard to the usage of trade at the place of sale. The de-
fendant has no right after such advances are made to sus-
pend or control this right of sale in any way except as to
the surplus. (2 Kent's Commentaries, p. 640; *Browne &
Co.* v. *McGraw*, 14 Peters, 489; *Macfield* v. *Goodhue*, 3 N. Y.
72; *Field* v. *Farrington*, 10 Wall. 141; *Colton* v. *Hiller*, 52

Miss. 7; *Siren* v. *Lemone,* 35 Mo. 110; *Fordyce* v. *Piper,* 16 Fed. Rep. 516; *Weed* v. *Adams,* 37 Conn. 381.)

*Mr. C. H. Hanford* and *Messrs. McNaught, Ferry, McNaught & Mitchell,* for the Defendants in Error.

It is the duty of the factor upon whom bills of exchange have been drawn against consignments of merchandise, to be sold by him for the drawer, if he receives the merchandise prior to the maturity of the drafts, to sell such merchandise at or before the time of maturity of the drafts, in the absence of any instructions or agreements to the contrary. And it would be a breach of duty on the part of the factor, to hold the merchandise upon a falling market beyond the due date of the drafts. (1 Meyers' Fed. Dec., p. 354, sec. 626; *Potts* v. *Findley,* 1 Cranch C. C. 514; *Field* v. *Farrington,* 10 Wall. 141; 58 Am. Dec. 163, and notes.)

Mr. Justice TURNER delivered the opinion of the court.

The plaintiffs in error, plaintiffs below, are commission merchants in Liverpool, England, and the defendants in error are merchants in Seattle, Washington Territory. The plaintiffs acted as factors for defendants in the sales of hops, hides, furs, and other merchandise shipped by the latter to England for sale; and they also purchased goods for and on account of the defendants, and advanced moneys to them. The dealings between the parties extended from May, 1877, until November, 1881. On the last named date, the plaintiffs claimed that there was due them from the defendants, as a balance of account arising out of the dealings aforesaid, the sum of $7,484.05; and this suit was commenced to recover that balance with interest.

On the trial below, the defendants claimed that the plaintiffs had not been diligent in the sales of merchandise consigned to them, and insisted that the latter had negligently held certain consignments of hops on a falling market, and had thus realized less than could have been realized if sales had been made promptly.

The instruction of the trial court on this point was as follows:

"The defendants claim that they drew drafts upon W. & J. Lockett against each shipment of hops, payable sixty days after presentation of the draft in Liverpool; and defendants further claim that each shipment of hops was received in Liverpool before the maturity of the drafts; and defendants further claim that the hop market was gradually declining continuously after the receipt of the hops until August, 1880, when the accounts were rendered for the hops shipped in 1879; and that the defendants gave no instructions to W. & J. Lockett whatever as to the time of the sale of the various shipments of hops until in June or July, 1880. If you find such to be the facts from the evidence, the court instructs you that it was the duty of the factors, W. & J. Lockett, and their brokers, to sell all the hops remaining unsold of each shipment, at the maturity of each draft, at the then market price. And that, if the said W. & J. Lockett, or their brokers, held the hops on a falling market, after the maturity of said drafts, and sold them for less than their market value at the time of the maturity of said drafts, then the said W. & J. Lockett should account to the defendants for the difference between what said hops were sold for and their market value at the maturity of said drafts."

We do not think this instruction stated the law of the case correctly. At the time when most of the shipments of hops were made, the balance of the account between plaintiffs and defendants was in favor of the former. The sums thus represented, together with the amounts of drafts drawn against consignments at the time of shipments, which drafts were invariably accepted by plaintiffs, created a balance in favor of the latter, at the time of the receipt of some of the consignments, largely in excess of the value of the consignments. The plaintiffs thus acquired a special property in such consignments, and they held the hops for their own indemnity as well as for the benefit of the defendants. They were clothed with the right to sell at such time as in the exercise of a sound discretion, and in accordance with the

usages of trade, they deemed best to secure indemnity to themselves and to promote the interests of their consignors. (*Brown* v. *McGran*, 14 Peters, 479; *Field* v. *Farrington*, 10 Wall. 141.)

The rule of diligence declared by the learned judge below was much more onerous than that above stated, and for that reason the instruction was erroneous.    As the principal question in the case concerned the action of the plaintiffs in the sales of hops, and as the discrepancy between the sums realized by plaintiffs and the sums which it was claimed should have been realized by them was quite large, the error of the court must have operated injuriously to them:

We do not deem it important to notice other questions presented on the record and argued by counsel.    They will probably not again arise on a trial of the case.

The judgment of the court below is reversed, and the cause remanded for a new trial.

JONES, C. J., LANGFORD, J., and ALLYN, J., concurred.